UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

MATTHEW PEOPLES,[1]           )
                              )
       Petitioner,            )
                              )
v.                            )   Case No. CIV-24-940-HE
                              )
STEVEN HARPE,                 )
                              )
       Respondent.            )

## REPORT AND RECOMMENDATION

Petitioner Matthew Peoples, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") challenging his state conviction and sentence in Case No. CF-2009-24, District Court of Logan County, Oklahoma.  Pet., Doc. 1.  United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C).  Petitioner also recently filed a Third Motion to Appoint Counsel, Doc. 11; Motion for Time to Respond, Doc. 12; Motion for Court Reporter, Doc. 13; Motion Requesting Status Report, Doc. 14; and Motion for Release of Information, Doc. 15 (collectively the "Post-Petition Motions").  For the reasons set forth below, the undersigned recommends that the Court **DISMISS** without prejudice the Petition and **DENY** the Post-Petition Motions.

---

[1] Petitioner's name was misspelled in previous filings.  The Court uses the correct spelling of Petitioner's name here.

I.     **Relevant Procedural History**

Petitioner pleaded guilty to Murder in the Second Degree and was sentenced on February 12, 2010. Pet. at 2; *State v. Peoples*, No. CF-2009-24, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=logan&number=CF-2009-24&cmid=40261 (last visited Oct. 17, 2024) ("OSCN Docket").[2] In August 2024, Petitioner filed an application in state court for post-conviction relief. Pet. at 6; Doc. 1-1; OSCN Docket. The trial court denied the application on August 29, 2024, and Petitioner appealed to the Oklahoma Court of Criminal Appeals. Pet. at 6; OSCN Docket. That appeal is still pending. OSCN Docket.

On September 11, 2024, Petitioner filed his Petition in this Court, asserting four grounds for relief. Pet. at 6-7. The undersigned liberally construes Petitioner's allegations as follows:

- Ground One: A lesser-included offense should have been "sought" in the trial court.

- Ground Two: His trial counsel was ineffective.

- Ground Three: The ineffective assistance of counsel and the absence of a lesser-included offense are attributed to bias.

- Ground Four: His statements were involuntary.

---

[2] The undersigned takes judicial notice of the docket report in Petitioner's state-court proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting a court may "take judicial notice of publicly-filed records in [its] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand" (citation omitted)).

## II.     Standard of Review

This Court must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"); *see* Section 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254].").

## III.    Analysis

### A.     Petitioner fails to state a cognizable claim under § 2241.

It is "the *nature* of a prisoner's confinement, not the *fact* of his confinement" that is the gravamen of a § 2241 petition. *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted)). Petitioner alleges no facts to show that he is challenging the execution of his sentence or the nature of his confinement. He does not, for example, seek to challenge "certain matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration" of his custody. *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (internal quotation marks omitted).

Instead, Petitioner "attempts a frontal assault on his conviction." *Prost*, 636 F.3d at 581. Petitioner's Grounds One and Three challenge the crime to which he pleaded guilty. Pet. 6. Grounds Two and Three challenge the effectiveness of Petitioner's counsel for not presenting Petitioner with a lesser-included offense. *Id.* Finally, Ground Four

challenges whether his statements were "voluntary" under procedural safeguards of *Miranda v. Arizona*, 384 U.S. 436 (1966) and other cases. As such, "§ 2241 is not the appropriate vehicle for relief." *Martin v. Bear*, 683 F. App'x 729, 730 (10th Cir. 2017).[3]

## IV.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** without prejudice the Petition, Doc. 1. The undersigned further recommends that the Court **DENY AS MOOT** Petitioner's Third Motion to Appoint Counsel, Doc. 11; Motion for Time to Respond, Doc. 12; Motion for Court Reporter, Doc. 13; Motion Requesting Status Report, Doc. 14; and Motion for Release of Information, Doc. 15.

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court by November 7, 2024. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

[3] The undersigned declines to liberally construe the Petition under § 2254 as a writ of habeas corpus by a state prisoner, as that could have unintended consequences for Petitioner. *See, e.g.*, *Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005) (noting that a petitioner "may prefer to have his claim dismissed rather than be recharacterized as a § 2254 claim because of the potential consequences" for any future § 2254 claim).

**ENTERED** this 17th day of October, 2024.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE